IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:08cr133–HEH
)
BAILEY DANIELS, )
)
    Petitioner. )

## MEMORANDUM OPINION
(Dismissing Claims One, Two And Four And Referring
Claim Three For An Evidentiary Hearing)

Bailey Daniels ("Petitioner") has filed a motion pursuant to 28 U.S.C. § 2255.

Petitioner contends that he is entitled to relief because he was denied effective assistance of counsel:

| | |
|---|---|
| Claim One | Counsel failed to object that Petitioner's mandatory minimum sentence violated the Due Process Clause. |
| Claim Two | Counsel failed to pursue a motion to suppress prior to entering into the Plea Agreement. |
| Claim Three | Counsel failed to file an appeal or adequately consult with Petitioner about filing an appeal. |
| Claim Four | Counsel failed to argue that the Court should impose a lesser sentence in light of the disparity for sentencing purposes between crack and powder cocaine. |

The Government has responded. Petitioner filed a reply. In his reply, Petitioner conceded that Claims One and Two lack merit.[1] Accordingly, Claims One and Two shall receive no further consideration and will be dismissed.

## I. Procedural History

On March 17, 2008, Petitioner was indicted on a four-count indictment. Count One charged Daniels with conspiracy to distribute cocaine hydrochloride and fifty grams or more of cocaine base. Counts Two and Three charged Petitioner with use of a communication facility in conjunction with his conspiracy to distribute controlled substances. Count Four charged Daniels with possession of a firearm in furtherance of a drug trafficking crime.

On April 29, 2008, Petitioner entered into a plea agreement with the United States. Pursuant to the terms of the Plea Agreement, Petitioner agreed to plead guilty to Count One and the United States agreed to dismiss the remaining counts of the indictment. Petitioner further agreed to waive his right to appeal.

---

[1] Specifically, in his Reply, Petitioner states:

> Movant concedes to the Fourth Circuit's holding that mandatory minimum sentencing statutes are not in violation of the Due Process Clause. Additionally, being that Movant does not challenge the legit[i]macy of his plea agreement and that he knowingly pleaded guilty to conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846, Movant concedes to the Government's argument in Ground Two and renders that aspect of the Motion moot, too.

(Petr.'s Reply 3 (internal footnote omitted).)

For sentencing purposes, Petitioner had a Level III Criminal History and an Offense Level of 29 yielding an advisory Sentencing Guideline range of 108 to 135 months. Because Count One carried a statutory minimum sentence of 120 months, Petitioner's Restricted Guideline Range was 120 to 135 months. On August 4, 2008, the Court sentenced to Petitioner to 135 months of imprisonment.

## II. Analysis

To demonstrate the ineffective assistance of counsel, a defendant must show first that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance facet of *Strickland*, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel's performance was deficient if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

### A. Alleged Ineffective Assistance at Sentencing

In Claim Four, Petitioner asserts that the Court treated the Sentencing Guidelines as "effectively mandatory" and faults counsel for not arguing for a lesser sentence based on the disparity between crack and powder cocaine. (Mem. in Supp. of § 2255 30.) Initially, it must be noted that the Court treated the Sentencing Guidelines "as advisory only." (Sent'g Tr. 12). Thus, counsel was not deficient for objecting that the Court treated the Sentencing Guidelines as mandatory. Furthermore, given the totality of the circumstances, including the significant amount of drugs involved and the fact that Petitioner committed the instant offense while on supervised probation for another drug-related offense, there is no possibility the Court would have imposed a lesser sentence had counsel pursued an argument about the sentencing disparity for crack and powder cocaine. Accordingly, Claim Three will be dismissed because Petitioner has not demonstrated deficiency or prejudice.

### B. Alleged Ineffective Assistance with Respect to Petitioner's Appeal

An attorney's failure to file a requested appeal is *per se* ineffective assistance of counsel. *See Roe v. Flores-Ortega,* 528 U.S. 470, 483-86 (2000). This is true even if the defendant has waived his right to appeal. *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007). The United States Court of Appeals for the Fourth Circuit has instructed that "when a defendant brings a § 2255 claim based on his attorney's failure to file a requested notice of appeal, the district court should hold a hearing if it is unclear in the record whether the attorney was so instructed." *Id.* at 272. That is the case here.

Petitioner swears that, following sentencing, he instructed his attorney, Brent Jackson, to file an appeal:

> 4. Subsequent to sentencing, but within the 10-day limitations in which to file an appeal, [Petitioner] requested that counsel file a timely notice of appeal.
> 5. Counsel concluded that an appeal was not in my best interests and that most likely the judge would impose the same amount of time.
> 6. Moreover, Mr. Jackson informed me that there would be an additional fee of 2,000.00 to file the appeal and that it would be in my best interests not to pursue any appeal.
> 7. I believe that counsel's legal conclusion of this in this matter denied me my constitutional right to counsel at a critical stage of my proceeding.
> 8. I, further believe, that my first expression to my attorney of my desire to appeal triggered the per se duty to appeal which mandated that Mr. Jackson conduct a specific type of con[s]ultation to make a reasonable effort to determine my wishes, and whether Mr. Jackson acted in accordance with these wishes.

(Petr.'s Mem. in Supp. of § 2255 Attach. 1, Daniels Aff. ¶¶ 4-8.) Mr. Jackson swears that Petitioner never requested that he note an appeal. Although counsel denies that he promised to file an appeal, when, as here, "a colorable Sixth Amendment claim is presented, and where material facts are in dispute involving inconsistencies beyond the record, a hearing is necessary." *United States v. Magini*, 973 F.2d 261, 264 (4th Cir. 1992) (citing *Becton v. Barnett*, 920 F.2d 1190, 1192 (4th Cir. 1990)). Accordingly, Claim Three will be referred to the Honorable M. Hannah Lauck, United States Magistrate Judge, for all further proceedings including an evidentiary hearing, if necessary.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Aug 23 2010
Richmond, Virginia